Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California  95112
Telephone (408) 298-2000
Facsimile  (408) 298-6046
Email:  tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD MOORE,<br><br>        Plaintiff,<br><br>  vs.<br><br>DINH NGUYEN, et al.,<br><br>        Defendants. | No.  1:13-cv-01415-LJO-SKO<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER PERMITTING SERVICE OF DEFENDANTS, DINH NGUYEN AND NHIEN LE NGUYEN, BY PUBLICATION**<br><br>Date:       January 29, 2014<br>Time:       9:30 a.m.<br>Courtroom:  7<br>Honorable Sheila K. Oberto |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER PERMITTING SERVICE OF DEFENDANTS DINH NGUYEN AND NHIEN LE NGUYEN BY PUBLICATION

Page 1

**I. Background Facts**

Plaintiff, Ronald Moore ("Plaintiff), who is disabled, filed this action on September 4, 2013 against defendants, Dinh Nguyen, Nhien Le Nguyen ('the Nguyen Defendants") and Alejandro Zamora Garcia dba El Rodeo Mexican Restaurant ("Defendant Garcia").  Plaintiff alleges that defendants are owners and/or operators of the El Rodeo Mexican Restaurant located at 40 West Shaw, Ste. 101 in Clovis, California ("Facility"), and that he encountered barriers to his full and equal access at the Facility in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and parallel California Law.  The Nguyen Defendants own the real property in and on which the Facility is located (Declaration of Tanya E. Moore, filed herewith (Moore Decl., ¶ 2).

Plaintiff sought to effect service on the Nguyen Defendants at their residence beginning September 15, 2013 (Moore Decl., ¶ 3).  Plaintiff identified their residence address as 2254 Quail Bluff Place in San Jose, California (Moore Decl., ¶ 3). Service at the residence was attempted which resulted in three (3) unsuccessful attempts at effective service, in which the third attempt an Asian male resident said he did not know the Nguyen Defendants (Process Server Decl., ¶ 3). Plaintiff verified via a skip trace that the address at which he was attempting service was, in fact, the correct mailing address for the Nguyen Defendants (Moore Decl., ¶ 3). Plaintiff has been unable to identify any other addresses for the Nguyen Defendants that would be deemed effective for purposes of service of process (Moore Decl., ¶ 3).

On November 25, 2013, after four (4) additional unsuccessful attempts at effective service, Plaintiff ordered that a stake out at the Nguyen Defendant's residence take place on November 29, 2013 from 6:00 A.M. to 9:00 A.M. (Moore Decl., ¶ 4).  The process server noted the presence of people inside the residence, but was unable to effect service (Process Server Decl., ¶5).  Plaintiff ordered another stake out of the Nguyen Defendants' residence which took place on December 12, 2013 from 6:00 P.M. to 9:00 P.M. (Moore Decl., ¶ 5). Again, the process server noted the presence of people inside the residence, but was unable to effect service (Process Server Decl., ¶ 6).

Pursuant to Federal Rule of Civil Procedure, Rule 4, the last day by which Plaintiff is to

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER PERMITTING SERVICE OF DEFENDANTS DINH NGUYEN AND NHIEN LE NGUYEN BY PUBLICATION

Page 2

effect service on all defendants is January 2, 2014.  All said, Plaintiff has attempted service nine times, including two stake outs for a total of six hours.  Because the Nguyen Defendants appear to be evading service, and Plaintiff has exhausted all reasonable efforts to effect service upon them, he requests that the Court permit service by publication.

## II.  Service by Publication is Authorized Under Federal and State Law

Federal Rule of Civil Procedure 4(e) authorizes service following state law for service of summons.  California Code of Civil Procedure Section 415.50 provides:

> [I]f upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action. (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property. Cal. Code Civ. P. 415.50(a).

Here, the Nguyen Defendants own the real property in and which the Facility is located and which is the subject of this action.  Further, Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal employment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. §12182(a).  As owners of the property, the Nguyen Defendants are proper parties to this action.

Plaintiff has established that he cannot effect service of process upon the Nguyen Defendants, likely as a result of their seeking to evade service, and therefore an order permitting service by publication is appropriate.

The Nguyen Defendants reside in San Jose, California.  Pursuant to California law, the Court is authorized to order publication of the summons in a newspaper in the State of California most likely to give actual notice to the defendants. Cal. Code Civ. P. 415.50(b).  The summons, complaint and order for publication are also to be mailed to the defendants' address if known. (Id.)

## III. Conclusion

Despite his diligent efforts, Plaintiff has been unable to effect service on the Nguyen

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER PERMITTING SERVICE OF DEFENDANTS DINH NGUYEN AND NHIEN LE NGUYEN BY PUBLICATION

Page 3

1  Defendants suspecting that they are seeking to evade service.  As authorized by federal and
2  California law, Plaintiff respectfully requests that the Court order that service may be effected
3  by publication in a newspaper of general circulation in the City of San Jose – the city where the
4  Nguyen Defendants live and are most likely to receive notice.

6  Dated:  December 20, 2013                                        MOORE LAW FIRM, P.C.

8                                                                                  */s/ Tanya E. Moore*
                                                                                    Tanya E. Moore
9                                                                                   Attorneys for Plaintiff
                                                                                    Ronald Moore

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER PERMITTING SERVICE OF DEFENDANTS DINH NGUYEN AND NHIEN LE NGUYEN BY PUBLICATION

Page 4