# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | Case No. 1:13-cv-01415-LJO-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MTION FOR SERVICE BY PUBLICATION** |
| v. | |
| DINH NGUYEN, et al., | (Doc. No. 9) |
| Defendants. | |

## I.  INTRODUCTION

On December 20, 2013, Plaintiff Ronald Moore ("Plaintiff") filed an ex parte motion to serve the summons and complaint on Defendant Dinh Ngyuen and Nhien Le Nguyen ("Nguyen Defendants") by publication.  (Doc. 9.)[1]  The Court has reviewed the motion and all supporting documentation and finds the matter suitable for decision without argument pursuant to the Court's Local Rule 230(g).  As such, the hearing set for January 29, 2014, is VACATED.  For the reasons set forth below, Plaintiff's motion for service by publication of the Nguyen Defendants is DENIED without prejudice.

---

[1] Defendant Alejandro Zamora Garcia, doing business as El Rodeo Mexican Restaurant, has been served and has answered the complaint.  (*See* Docs. 6, 8.)

## II.  BACKGROUND

Plaintiff filed this action pursuant to the Americans with Disability Act of 1990 ("ADA"), alleging he encountered barriers at El Rodeo Mexican Restaurant in Clovis, California, which violated his rights under the ADA.  He contends that the Nguyen Defendants own the real property on which the restaurant is located.

Plaintiff has attempted service on the Nguyen Defendants at their residence in San Jose, California, on nine different days: September 15, 22, and 29, 2013; November 13, 14, 21, 26, and 29, 2013; and December 12, 2013. (Doc. 9-1, 2:11-27; Doc. 9-6, Lowry Decl., ¶¶ 3-6.)  On the third attempt at service, on September 29, 2013, an Asian male resident who refused to give his name, stated he did not know the Nguyen Defendants.  (Doc. 9-6, Lowry Decl., ¶ 3.)  Plaintiff contends that he has verified via a skip trace that the address where he has been attempting service is, in fact, the correct mailing address for the Nguyen Defendants.  Plaintiff maintains he has been unable to identify any other addresses for the Nguyen Defendants that would be deemed effective for purposes of service of process.

Plaintiff's process server made a seventh failed attempt at service on November 26, 2013. Plaintiff then requested the process server "stake out at the Nguyen Defendant[s'] residence" on November 29, 2013, from 6:00 a.m. to 9:00 a.m.  During the "stake out" on November 29, 2013, the process server noted people were present inside the residence, but he was unable to complete personal service.  The process server indicated no one answered the door, but the upstairs blinds were opened while he was observing the house, and he noted he believed someone was home but evading service. (Doc. 9-7, p. 1, "Declaration of Non Service.").

On December 12, 2013, Plaintiff again requested that the process server "stake out at the Nguyen Defendants' residence."  While the process server was able to detect the presence of people in the house, he was unable to effect service.  The server noted in his "Declaration of Non Service" (Doc. 9-7, p. 1) that two teenagers came out to the mailbox, but when he tried to contact them, they ran back into the house and would not answer the door.  On that same day, the process server approached an unidentified female who appeared to be picking up her daughter at the residence; the process server asked for her name, but she refused and indicated she did not live at

2

the residence. (Doc. 9-7, p. 1.) The process server stated that others came and went from the residence, but everyone refused to speak with him. (Doc. 9-7, p. 1.)

### III.  DISCUSSION

Plaintiff seeks an order to permit him to serve the Nguyen Defendants by publication rather than by other means such as personal service. Pursuant to Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected. *See* Fed. R. Civ. P. 4(e)(1). Service by publication is permissible under California law under certain circumstances:

> (a)  A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .
>
> (1)  A cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50(a). The central question for the Court is whether Defendant "cannot with reasonable diligence be served in another manner" pursuant to California law. *Id.*

In determining whether a plaintiff has exercised reasonable diligence, courts examine whether the affidavit required by the statute sets forth that the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). "The term 'reasonable diligence' . . . denotes a thorough systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995).

Due process requires that publication be allowed "only as a last resort." *Donel*, 87 Cal. App. 3d at 332. The chosen method of service must be "reasonably certain to inform those affected . . . or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive

3

1 attempts to locate the defendant, for it is generally recognized that service by publication rarely
2 results in actual notice." *Watts*, 10 Cal. 4th at 749.  Where a plaintiff has taken one or a few
3 reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly
4 exhausted to warrant service by publication.  *Donel*, *Inc.*, 87 Cal. App. 3d at 333.

5       For purposes of motions to allow service by publication, California law is clear that an
6 affidavit, not a declaration, is required.  Cal. Code Civ. Proc. § 415.50(a).  An affidavit is a
7 "voluntary declaration of facts written down and sworn to by the declarant before an officer
8 authorized to administer oaths."  *See* Black's Law Dictionary (9th ed. 2009) (West).  Typically,
9 affidavits are sworn and attested to by a notary public.  Here, Plaintiff submitted only declarations
10 from his counsel and the process server rather than affidavits.  Given the serious due process
11 concerns implicated by permitting service by publication, the Court cannot excuse that deficiency.

12       Moreover, the declarations submitted in this case do not demonstrate that "[a]ll leads
13 hav[e] turned to dead ends." *Combs v. Doe*, No. C10-01120 HRL, 2010 WL 4065630, *1 (N.D.
14 Cal. Oct. 15, 2010) (permitting service by publication only after plaintiff conducted an internet
15 WHOIS search, hired a private investigator, subpoenaed several internet companies, attempted
16 service on several potential later egos and apparently fake addresses used to evade service).  It
17 appears the Nguyen Defendants are attempting to avoid personal service at their residence.  While
18 Plaintiff states that no other addresses have been "deemed effective for purpose of service of
19 process," Plaintiff fails to articulate what steps have been taken to determine if Defendants have a
20 regular place of business where they could be served either personally or by substitute process as
21 set forth in California Code of Civil Procedure § 415.20.  Such reasonable steps may include
22 hiring a private investigator to obtain information about a regular place of business where
23 Defendants could potentially be served via personal or substitute service.  *See Combs*, 2010 WL
24 4065630, at 1.

25       Because Plaintiff fails to provide the requisite *affidavits* to support his motion and because
26 there is no information regarding diligent efforts to obtain an address for the Nguyen Defendants'
27 regular place of business where service could be made, Plaintiff's motion is DENIED without
28 prejudice.

4

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order permitting service by publication is DENIED without prejudice; and

2. Plaintiff are granted until March 31, 2014, to either serve Defendants, or file a renewed motion for service by publication which shall detail, through affidavits, further efforts taken to locate a regular place of business for the Nguyen Defendants where personal or substitute service may be made.

IT IS SO ORDERED.

Dated:   **January 27, 2014**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

5